CLYDE & CO US LLP
Lee H. Gorlin (NV Bar No. 13879)
7251 West Lake Mead Boulevard, Suite 430
Las Vegas, Nevada 89128
Telephone No.: 725-248-2900
Facsimile No.: 725-248-2907
E-Mail: lee.gorlin@clydeco.us

*Attorneys for Defendant/
Counter-Plaintiff*

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JULIE SCHULZ HALBOWER, as Trustee of THE HALBOWER LEGACY TRUST,<br><br>        Plaintiff/Counter-Defendant,<br><br>v.<br><br>HISCOX SYNDICATE 33 OF LLOYD'S OF LONDON,<br><br>        Defendant/Counter-Plaintiff. | Case No.  2:24-ms-00071<br><br>**MOTION TO TRANSFER ENFORCEMENT OF SUBPOENA, OR, IN THE ALTERNATIVE, FOR COURT ORDER TO ENFORCE SUBPOENA**<br><br>**ORAL ARGUMENT REQUESTED** |

Defendant/Counter-Plaintiff Hiscox Syndicate 33 of Lloyd's of London ("Hiscox") files this Motion for Court Order to Enforce Subpoena (the "Motion") following Tonja Van Roy's ("Van Roy") failure to respond to Hiscox's Subpoena (the "Subpoena") issued to Van Roy on April 13, 2023, and served on Van Roy on April 14, 2023. The Subpoena relates to litigation in the underlying matter which is pending in the United States District Court for the Western District of Michigan, Southern Division, Case No. 1:22-cv-00964, before Judge Robert J. Jonker and Magistrate Judge Sally J. Berens (the "Michigan Action").

Hiscox's Subpoena requested a deposition and the production of responsive documents to Hiscox's counsel's office located in Las Vegas, Nevada, by April 28, 2023. (*See* Exhibit A, the Subpoena). Van Roy and Hiscox agreed that Van Roy could provide the requested material electronically to Hiscox's counsel's office located in Chicago, Illinois. Van Roy did not produce any documents until May 25, 2023, at which time Van Roy sent Hiscox an electronic folder

1  containing an extremely limited production of twenty-nine documents. (*See* Exhibit B, Ross Decl.,

2  ¶ 3).

3      Shortly before producing these documents to Hiscox, Van Roy permitted the Plaintiff in the

4  Michigan Action to obtain electronic copies of Van Roy's hard drives, which Plaintiff refused to

5  produce to Hiscox until ordered to do so by the Court in the Michigan Action. (*See* Exhibit C,

6  September 20, 2023 Order Granting Hiscox's Motion to Compel ESI Data Obtained by Plaintiff).

7  As a result, Plaintiff produced over 7,500 documents comprising over 32,000 pages from Van

8  Roy's hard drive. The parties also scheduled Van Roy's deposition for November 16, 2023, but

9  Van Roy abruptly cancelled the deposition on November 9, 2023. (*See* Exhibit B, Ross Decl., ¶ 4).

10  Subsequently, Van Roy and counsel for Van Roy have refused to schedule her deposition.  As such,

11  Hiscox brings this Motion to enforce the subpoena, and, as discussed in greater detail below,

12  requests that this Court transfer this motion to the United States District Court for the Western

13  District of Michigan, pursuant to Fed. R. Civ. P. 45(f).

## MEMORANDUM OF POINTS AND AUTHORITIES
## REQUEST TO TRANSFER THIS MOTION

16      Pursuant to Fed. R. Civ. P. 37(a)(2)'s requirement that a "motion for an order to a non-party

17  must be made in the court where the discovery is or will be taken," Hiscox submits this Motion for

18  Court Order to Enforce Subpoena (*i.e.* motion to compel) as an ancillary motion in the United States

19  District Court for the District of Nevada. Clyde & Co US LLP's office in Las Vegas, Nevada, is

20  within 100 miles of Van Roy's residence. *See* Fed. R. Civ. P. 45(c)(1)(A) ("[a] subpoena may

21  command a person to attend a trial, hearing, or deposition only as follows: (A) within 100 miles of

22  where the person resides, is employed, or regularly transacts business in person…"). Pursuant to

23  Rules 37 and 45 of the Federal Rules of Civil Procedure, Hiscox moves the Court for an order

24  enforcing compliance with the Subpoena. Hiscox's counsel made a good faith effort to meet and

25  confer to resolve this dispute pursuant to LR 26-6 prior to filing this motion. (*See* Exhibit B, Ross

26  Decl., ¶ 7).

27      While Fed. R. Civ. P. 37(a)(2) normally contemplates filing this motion in the jurisdiction

28  where the subpoena commands the person to appear, Hiscox is simultaneously filing a similar

CLYDE & CO US LLP<br>7251 West Lake Mead Boulevard, Suite 430<br>Las Vegas, Nevada 89128

motion before the United States District Court for the Western District of Michigan in the Michigan Action, as counsel for Van Roy has filed an appearance in the Michigan Action, it was represented to counsel for Hiscox that Van Roy would be presented for her deposition in Michigan, has issued a protective order concerning electronic materials belonging to Van Roy, and the Court in the Michigan Action recently granted a Motion to modify that protective order in the Michigan Action in response to a Grand Jury Subpoena issued out of the Southern District of California in regards to a grand jury apparently investigating Van Roy.

As the United States District Court for the Western District of Michigan has already entered multiple orders governing discovery of Van Roy's electronic devices and counsel for Van Roy has appeared in the Michigan Action, exceptional circumstances exist that warrant transferring this motion to the United States District Court for the Western District of Michigan, pursuant to Fed. R. Civ. P. 45(f). As such, Hiscox respectfully requests that this Court transfer this motion to the United States District Court for the Western District of Michigan, pursuant to Fed. R. Civ. P. 45(f).

## FACTUAL BACKGROUND

On or about June 2, 2022 (the "June 2 Fire"), a fire destroyed the home of the Plaintiff ("Halbower") in the Michigan Action, located in Pentwater, Michigan. (*See* First Amended Complaint, attached as Exhibit D, at ¶ 1). The fire destroyed several works of fine art owned by Halbower. Hiscox insured certain works of fine art destroyed in the June 2 Fire under Policy No. B1161HIS21K22X3019 issued by Hiscox (the "Policy"), and paid coverage relative to those works on August 4, 2022. (*See* Exhibit D, at ¶¶ 1-7). However, Halbower asserted that additional works destroyed in the June 2 Fire are covered under the Policy. (*Id.*) Hiscox denied coverage as to those additional works of fine art, arguing among other things that Van Roy failed to provide the Lloyd's Broker, Howden Insurance Brokers Limited ("Howden"), with a list of Plaintiff's artwork including the additional artworks as required under the Policy. (*See* Exhibit D, at ¶¶ 87-98).

Ultimately, on August 17, 2022, Halbower filed the Michigan Action in the Circuit Court of Oceana County, Michigan, which Hiscox removed to the United States District Court for the Western District of Michigan, Southern Division. The Plaintiff filed her First Amended Complaint (the "FAC") on June 20, 2024. Halbower asserts, among other things, that Halbower sent Van Roy

CLYDE & CO US LLP
7251 West Lake Mead Boulevard, Suite 430
Las Vegas, Nevada 89128

an inventory and appraisal of artwork that establish coverage under the Policy and that set the insured value for the artworks. (*See* Exhibit D, at ¶¶ 16-21, 25-30, 80-85). Halbower also asserts that Van Roy and her insurance agency, Pegasus Insurance Services, LLC, constitute a "Lloyd's Broker" under the Policy. (*See* Exhibit D, at ¶ 60).

The identity of the "Lloyd's Broker" under the Policy is central to this case. Specifically, the Policy only provides coverage for "Fine Arts of whatsoever nature as defined in the attached schedule or as may be held on file by the Lloyd's Broker." (*See* Exhibit D, at ¶ 37). The parties do not dispute that there is no "attached schedule", and Hiscox has consistently held the position that Howden is the sole "Lloyd's Broker" under the Policy. Further, Hiscox has consistently held the position that neither Plaintiff nor Van Roy acting as Plaintiff's agent provided Howden with an inventory identifying the fine art for which Hiscox disclaimed coverage, or an appraisal valuing the destroyed fine art at the values Plaintiff seeks, resulting in Hiscox's denial of coverage under the Policy. Indeed, if the Court in the Michigan Action denies Hiscox's currently pending motion to dismiss the FAC, Hiscox intends to file a counterclaim against Plaintiff alleging that Van Roy, as Plaintiff's agent, violated key terms of the Policy obviating coverage.

Because these issues relating to Van Roy's involvement in the claim process are central to this case, Hiscox issued the Subpoena to Van Roy on April 13, 2023. (*See* Subpoena, attached as Exhibit A). The Subpoena also attached a Rider requesting the following:

1. All documents and communications concerning Halbower, including but not limited to the procuring of policies of insurance related to fine arts and property and any claims on those policies of insurance.

2. All documents and communications referenced in the attached affidavit in their original electronic format.

(Exhibit A). The Subpoena was served on Van Roy on April 14, 2023. (*See* Proof of Service, attached as Exhibit E). As noted above, Van Roy did not produce any documents until May 25, 2023, at which time Van Roy sent Hiscox a folder containing an extremely limited production of twenty-nine documents. Subsequent productions by Plaintiff have demonstrated that Van Roy's production was a mere fraction of the documents in her possession responsive to the Subpoena. It

CLYDE & CO US LLP
7251 West Lake Mead Boulevard, Suite 430
Las Vegas, Nevada 89128

is evident that Van Roy knows she is not in compliance, as Van Roy cancelled her deposition shortly after Plaintiff produced over 7,500 documents comprising over 32,000 pages from Van Roy's hard drive pursuant to the Michigan Court's order. (*See* Exhibit B, Ross Decl., ¶¶ 3-4). Subsequent requests to Van Roy and her counsel to schedule her deposition have been refused.

On September 4, 2024, and again on September 26, 2024, Hiscox's counsel contacted Van Roy's counsel to request that Van Roy schedule her deposition pursuant to the Subpoena. Counsel refused to schedule the deposition. (*See* Exhibit B, Ross Decl., ¶¶ 5-6). Most recently, on September 27, 2024, Hiscox's counsel contacted Van Roy's counsel via telephone to request Ms. Van Roy's deposition, with Van Roy's counsel again refusing to schedule the deposition. (*See* Exhibit B, Ross Decl., ¶ 7). Accordingly, Hiscox files the instant Motion.

## **ARGUMENT**

The liberal discovery standard of Fed. R. Civ. P. 26(b)(1) applies to subpoenas issued under Fed. R. Civ. P. 45. *See, e.g., Garedakis v. Brentwood Union Sch. Dist.*, 2016 WL 1133715, at \*1 (N.D. Cal. Mar. 23, 2016) ("The Advisory Committee Notes to Rule 45 state that 'the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules,' which in turn is the same as under Rule 26(b)."). Rule 26(b)(1) states in part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

A non-party may be compelled to testify and produce documents and tangible things through a Rule 45 subpoena. Fed. R. Civ. P. 45 (a)(1)(A)(iii). Assuming that a subpoena is properly served, Rule 45 requires the subpoena's recipient to testify and produce the requested information and materials. Pursuant to Rule 37, this court has "broad discretion to make such orders as are just to redress discovery abuse." *See Needa Parts Mfg., Inc. v. Psnet, Inc.,* 2009 WL 174002, \*2 (E.D. Mich. Jan. 23, 2009) (ordering third party to attend deposition pursuant to subpoena); *Doe 1 v.*

CLYDE & CO US LLP
7251 West Lake Mead Boulevard, Suite 430
Las Vegas, Nevada 89128

*Anderson*, 2017 WL 4941467, \*7 (E.D. Mich. Nov 1, 2017) (ordering deposition of non-party pursuant to subpoena where witness "may have some information relevant" to the parties' claims or defenses).

Here, Hiscox issued the Subpoena on April 13, 2023, and it was served on Van Roy on April 14, 2023. The Subpoena explicitly states that Van Roy must comply by April 28, 2023. Moreover, the Subpoena provides that Van Roy may coordinate with Hiscox to allow Van Roy to provide the requested documents electronically to Hiscox's counsel's office in Chicago in lieu of a personal appearance. Notwithstanding, Van Roy produced a sliver of a fraction of the documents that Hiscox requested and failed to reschedule her deposition after abruptly cancelling the one scheduled for November 9, 2023. Numerous attempts to reschedule have been refused by Van Roy and her counsel. Van Roy's testimony and the documents in her possession are directly relevant to the Michigan Action because, among other things, Van Roy acted as Halbower's insurance agent in obtaining the Policy at issue in this matter as discussed above.

Based on the foregoing, and pursuant to Federal Rules of Civil Procedure 37 and 45, this Court should enter an order transferring this motion to the United States District Court for the Western District of Michigan, pursuant to Fed. R. Civ. P. 45(f), or, in the alternative, enter an order compelling Van Roy to comply with the Subpoena.

## **CONCLUSION**

For the foregoing reasons, Hiscox requests that this Court transfer this motion to the United States District Court for the Western District of Michigan, pursuant to Fed. R. Civ. P. 45(f), or, in the alternative, enter an order compelling Van Roy to comply with the Subpoena.

Dated:  September 27, 2024

CLYDE & CO US LLP

By: */s/ Lee H. Gorlin*
Lee H. Gorlin (Nevada Bar No. 13879)
7251 West Lake Mead Boulevard, Suite 430
Las Vegas, Nevada 89128

*Attorneys for Defendant/Counter-Plaintiff*

CLYDE & CO US LLP
7251 West Lake Mead Boulevard, Suite 430
Las Vegas, Nevada 89128

**CERTIFICATE OF SERVICE**

As an employee of Clyde & Co US LLP, I certify that a copy of the foregoing **MOTION TO TRANSFER ENFORCEMENT OF SUBPOENA, OR, IN THE ALTERNATIVE, FOR COURT ORDER TO ENFORCE SUBPOENA** was served by the method indicated:

☐ **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. pursuant to EDCR Rule 7.26(a). A printed transmission record is attached to the file copy of this document(s).

☐ **BY U.S. MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada addressed as set forth below.

☒ **BY ELECTRONIC SERVICE:** submitted to the above-entitled Court for electronic service upon the Court's Registered Service List for the above-referenced case.

☒ **BY EMAIL:** by emailing a PDF of the document listed above to the email addresses of the individual(s) listed below.

I further certify that file-stamped conforming copies of the foregoing will be served upon both the Plaintiff and the entity to be compelled, once file-stamped conforming copies are received.

Dated: September 27, 2024

_/s/ Debbie Shuta_
An Employee of Clyde & Co US LLP

CLYDE & CO US LLP
7251 West Lake Mead Boulevard, Suite 430
Las Vegas, Nevada 89128